## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

IMMANUEL BAPTIST CHURCH,

Plaintiff,

v.

CITY OF CHICAGO,

Defendant.

Case No. 17-cv-0932

Judge Mary M. Rowland

## MEMORANDUM OPINION AND ORDER

Immanuel Baptist Church sues the City of Chicago alleging that the City's parking regulations violate the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc (2000) and deny the Church equal protection under the Fourteenth Amendment. The City moves pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss Count III of the Church's Third Amended Complaint which alleges that the City violated RLUIPA's substantial burden provision. For the reasons explained below, the Court denies the City's motion to dismiss [113].

### I.  Background

In its Third Amended Complaint ("TAC"), Plaintiff Immanuel Baptist Church ("the Church") alleges that Defendant City of Chicago ("the City") "imposes more demanding parking requirements on religious assembly uses than on non-religious assembly uses." (Dkt. 107, TAC ¶1).[1] The Church was founded in 1994 and currently

---

[1] This order assumes familiarity with the background contained in the September 26, 2018 decision. (Dkt. 60). In that opinion, the Court denied the City's Rule 12(b)(6) motion to dismiss the Church's RLUIPA equal terms provision claim because the Church adequately identified a secular comparator with similar parking needs and alleged that the City treats the

1

has approximately 60 members. (*Id.* ¶¶13, 21). In August 2011, the Church began meeting at 1443 W. Roosevelt, Chicago, IL 60608 (the "Property") where it meets to this day. (*Id.* ¶21). The Property has no onsite parking but the surrounding neighborhood has vacant lots and on-street parking is widely available. (*Id.* ¶23).

After leasing the Property for several years, the Church decided to buy the Property and the deal was ready to close in June 2016. (*Id.* ¶¶28, 30). The Church was assured by an Alderman and a Chicago Zoning Plan Examiner that it would not have problems with zoning because of its pre-existing use. The Owner also received a letter from the Bureau of Planning and Zoning indicating that the Church was a permitted use at the Property. (*Id.* ¶31). Still, the Church's lender required a determination from the City confirming the Church could meet the parking requirement at the Property. (*Id.* ¶32). The City's zoning ordinance at the time (§ 17-10-0207-I) prevented the Church from operating a religious assembly unless it complied with a parking ratio requirement of eight seats to one parking space. (*Id.* ¶¶2-3, 77). Despite contrary assurances the Church received, Assistant Commissioner Patrick Murphey informed the lender that a church could not be established at the Property without the required parking. (*Id.* ¶33). The Church then attempted to show the City that it had sufficient off-street parking and made numerous efforts to acquire additional parking. (*Id.* ¶¶35, 36, 41, 42, 52-53). The City, however, continued to maintain that the Church did not meet the parking

---

comparator more favorably. That claim was permitted to proceed on an as-applied basis. The Court previously granted summary judgment to the City on the facial challenge to the statute and on the Church's Fourteenth Amendment equal protection claim. (*see* Dkt. 60 at 2).

requirements, resulting in the Church not being able to obtain a mortgage to buy and operate the Property as a church. (*Id*. ¶45). As a result, the Church had to continue to pay $2,600 monthly in rent, which was later increased to $4,500 per month in 2017. (*Id*. ¶47).

After a complex process, the Church entered into an agreement with a park for a shared parking lot, and in April 2018, the City approved the agreement as meeting the Church's parking requirements. (*Id*. ¶55). (The Church notes that it did not need the lot and never used the lot.) (*Id*. ¶56). On September 25, 2018, the Church was finally able to close on the purchase of the Property, although it did not receive the value of its original deal with the seller. (*Id*. ¶57). The seller had previously agreed to sell the Church two buildings for $750,000, but this time refused to sell both unless the Church paid an increased amount which it could not afford. As such, the Church was only able to purchase one of the buildings for $407,500. (*Id*. ¶58).

A new ordinance took effect on March 13, 2019, extending exemption from parking requirements to properties located within 1,320 feet of the centerline of certain bus routes. (*Id*. ¶59). Because of this new ordinance, on June 17, 2019, the City granted the Church a 100 percent parking reduction, meaning that the Church did not need to have any off-street parking in order for it to operate at the Property. (*Id*. ¶61).

The Church asserts that the City imposed a substantial burden on it because the Church has great needs and very limited resources and the City "imposed its land use regulations in a manner which created undue delay, uncertainty, and expense upon the Church." (*Id*. ¶¶113-115). The Church claims that the City imposed these

burdens in an arbitrary and capricious manner. (*Id*. ¶116). Finally, the Church alleges that the unequal terms of the City's Ordinance on churches impose a substantial burden on the Church and its members, and the cumulative effect of the various burdens it suffered is substantial. (*Id*. ¶¶117, 118).

The TAC contains three claims: violation of the equal terms provision of RLUIPA (Count I), Fourteenth Amendment equal protection violation (Count II), and violation of the substantial burden provision of RLUIPA (Count III). Only Count III is at issue in the present motion to dismiss.

## II. Standard

A motion to dismiss tests the sufficiency of a complaint, not the merits of the case. *Gibson v. City of Chicago,* 910 F.2d 1510, 1520 (7th Cir. 1990). "To survive a motion to dismiss under Rule 12(b)(6), the complaint must provide enough factual information to state a claim to relief that is plausible on its face and raise a right to relief above the speculative level." *Haywood v. Massage Envy Franchising, LLC*, 887 F.3d 329, 333 (7th Cir. 2018) (quotations and citation omitted). *See also* Fed. R. Civ. P. 8(a)(2) (requiring a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief."). A court deciding a Rule 12(b)(6) motion accepts plaintiff's well-pleaded factual allegations as true and draws all permissible inferences in plaintiff's favor. *Fortres Grand Corp. v. Warner Bros. Entm't Inc.,* 763 F.3d 696, 700 (7th Cir. 2014). A plaintiff need not plead "detailed factual allegations", but "still must provide more than mere labels and conclusions or a formulaic recitation of the elements of a cause of action for her complaint to be

4

considered adequate under Federal Rule of Civil Procedure 8." *Bell v. City of Chi.*, 835 F.3d 736, 738 (7th Cir. 2016) (citation and internal quotation marks omitted).

Dismissal for failure to state a claim is proper "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558, 127 S. Ct. 1955, 1966 (2007). Deciding the plausibility of the claim is "'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *McCauley v. City of Chi.*, 671 F.3d 611, 616 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 679, 129 S. Ct. 1937, 1950 (2009)).

## III. Analysis

In moving to dismiss Count III, the City argues that the Church fails to assert any factual allegations to support a RLUIPA substantial burden claim. The City contends that the Church's allegations of spending time, money, and resources are not sufficient to state its claim, and the Church has failed to allege some additional bad faith or arbitrary action by the City. The Church responds that it has sufficiently stated its claim by alleging that it incurred substantial expense, time and resources trying to comply with the City's ordinance and because of the two-year delay in being able to purchase the Property. The Church contends that this, as well as the loss of one of the buildings it intended to buy, imposed a substantial burden on it.

Under the "substantial burden" provision of the RLUIPA,

> No government shall impose or implement a land use regulation in a manner that imposes a substantial burden on the religious exercise of a person, including a religious assembly or institution, unless the government demonstrates that imposition of the burden on that person,

assembly, or institution— (A) is in furtherance of a compelling governmental interest; and (B) is the least restrictive means of furthering that compelling governmental interest.

42 USC § 2000cc(a)(1).

A plaintiff bringing a RLUIPA substantial burden claim initially has the burden to prove that the restriction implicates the religious exercise of a person, and that the regulation substantially burdens that exercise of religion. *Holt v. Hobbs*, 135 S. Ct. 853, 862, 190 L. Ed. 2d 747 (2015). "The burden then shifts to the defendant, who must demonstrate that the burden is in furtherance of a compelling governmental interest and is the least restrictive means of furthering that interest (i.e., the burden is subject to strict scrutiny)." *Affordable Recovery Hous. v. City of Blue Island*, 2016 U.S. Dist. LEXIS 128637, at *18 (N.D. Ill. Sep. 21, 2016).

Here, the parties dispute only whether the Church sufficiently alleged that the City imposed a "substantial burden" on the Church's religious exercise. The Court concludes that the Church has adequately pled its RLUIPA substantial burden claim.

The RLUIPA does not define "substantial burden", but the Seventh Circuit has noted that determining whether a burden is substantial "is ordinarily an issue of fact" and that "substantiality is a relative term--whether a given burden is substantial depends on its magnitude in relation to the needs and resources of the religious organization in question." *World Outreach Conference Ctr. v. City of Chi.*, 591 F.3d 531, 539 (7th Cir. 2009). *See also Irshad Learning Ctr. v. Cty. of DuPage*, 804 F. Supp. 2d 697, 716 (N.D. Ill. 2011) (denying motion to dismiss RLUIPA substantial burden

claim, relying on *World Outreach*'s statement that whether a burden is substantial is generally an issue of fact and is relative).[2]

In light of the guidance from *World Outreach*, the Court cannot conclude that the Church's claim must be dismissed at this pleading stage. The TAC shows that the Church was burdened by substantial expense, time and resources trying to comply with the City's parking requirements. Under the original deal it had with the owner of the Property, the Church intended to purchase two buildings. Because of the City's determination that the Church did not comply with its parking requirements, the Church was not able to close on the deal in 2016. Then when it was able to close on the deal two years later, the Church was only able to purchase one building. And during that delay, the Church spent money paying rent and used significant resources trying to negotiate with the City and identify potential parking solutions. Although the City finally exempted the Church from the parking requirement in 2019, that did not change the fact that the Church had spent significant time, money, and resources over those years, and lost the opportunity for ownership of one of the buildings. All of this was particularly difficult for the Church which has great needs and very limited resources. *See World Outreach*, 591 F.3d at 537 ("burden is relative to the weakness of the burdened").

In addition, the Seventh Circuit has recently reiterated that in determining what constitutes a "substantial burden" under RLUIPA, the standard is "*much easier* to

---

[2] Courts also often look to First Amendment jurisprudence and the federal Religious Freedom Restoration Act, 42 U.S.C. 2000bb *et seq.* to define "substantial burden." *See Civil Liberties for Urban Believers v. City of Chi.*, 342 F.3d 752, 760 (7th Cir. 2003) ("*CLUB*").

satisfy than our former search for something rendering the religious exercise 'effectively impracticable'." *Jones v. Carter*, 915 F.3d 1147, 1149 (7th Cir. 2019) (citing *Schlemm v. Wall*, 784 F.3d 362, 364 (7th Cir. 2015) (emphasis added)). Following *Holt*, 135 S. Ct. 853 and *Burwell v. Hobby Lobby Stores, Inc.*, 134 S. Ct. 2751 (2014), the Seventh Circuit explained that the question is whether the conduct "seriously violates" the individual or institution's religious exercise. *Schlemm*, 784 F.3d at 364 (noting that the term "seriously violates" still leaves "a lot of uncertainty" about the standard).

Given this clarification, the City's reliance on *CLUB,* 342 F.3d 752, and *Vision Church v. Vill. of Long Grove*, 468 F.3d 975 (7th Cir. 2006) is not persuasive since those cases applied the "effectively impracticable" standard the Seventh Circuit has since revised. *See Jones*, 915 F.3d at 1149. Moreover, both *CLUB* and *Vision Church* were decided on summary judgment. Indeed, most of the substantial-burden cases relied on by the City pre-date *Hobby Lobby*, 134 S. Ct. 2751, *Holt*, 135 S. Ct. 853, and *Schlemm*, 784 F.3d 362, and/or were decided at the summary judgment or trial stage. (*CLUB*; *Petra Presbyterian Church v. Vill. of Northbrook*, 489 F.3d 846 (7th Cir. 2007); *Vineyard Christian Fellowship of Evanston, Inc. v. City of Evanston*, 250 F. Supp. 2d 961 (N.D. Ill. 2003); *MAUM Meditation House of Truth v. Lake Cty.*, 55 F. Supp. 3d 1081 (N.D. Ill. 2014). Therefore these cases do not support the City's position that the Church's claim must be dismissed.

Thus the City's argument that the Church was still able to use the Property during the relevant time is not convincing since the question is not whether the City's

8

conduct made the Church's religious exercise "effectively impracticable." It is plausible to infer from the TAC that the Church spent significant time and resources over multiple years trying to comply with the City's parking requirements when it could have spent that time and those resources on religious and other services it offers to members and the community. (*see* TAC, ¶63). The RLUIPA protects "*any* exercise of religion, whether or not compelled by, or central to, a system of religious belief." 42 U.S.C. §2000cc-5(7)(A) (emphasis added). And the Church did not allege simply that it spent time and money. It also alleged that it lost ownership of an entire building because of the City's actions, which the Court can at least infer at this stage burdened the Church's religious exercise. Accordingly, reading the TAC as a whole and taking the factual allegations as true, it is plausible to infer that the burden on the Church was substantial. Particularly considering the Church's small size and limited resources, these allegations are sufficient to state a substantial burden claim.

The City's final argument is that the Church has failed to allege bad faith or arbitrary action by the City. (Dkt. 113 at 7). First, the Church *does* allege that the City imposed the burdens in an arbitrary and capricious manner. (TAC, ¶116). Second, the City again relies on cases decided on summary judgment. *Christian Assembly Rios De Agua Viva v. City of Burbank*, 237 F. Supp. 3d 781 (N.D. Ill. 2017); *Eagle Cove Camp & Conference Ctr., Inc. v. Town of Woodboro*, 734 F.3d 673 (7th Cir. 2013); *Sts. Constantine & Helen Greek Orthodox Church, Inc. v. City of New Berlin*, 396 F.3d 895 (7th Cir. 2005); *Petra Presbyterian*, 489 F.3d 846. The City also cites to *Irshad Learning*, 804 F. Supp. 2d 697, but that case did not require a specific pleading

of bad faith or arbitrary action. And in *Christian Assembly,* the Court at the motion to dismiss stage allowed the substantial burden claim to proceed, explaining that the "question of substantial burden is inherently a factual one." (Case No. 1:13-cv-622, Dkt. 38).

Even if the City is correct that the TAC could have provided more detail about how the Church and its members were impacted, the case law does not support its position that the RLUIPA substantial burden claim must be dismissed at the pleading stage. Rather, as discussed, the question of "substantial burden" is generally an issue of fact, is a relative inquiry accounting for the magnitude of the burden compared to the resources of the Church, and has been clarified by the Seventh Circuit as a "much easier" standard to meet than previously articulated. The Church's claim survives the City's motion to dismiss.

## IV.    Conclusion

For the stated reasons, the City of Chicago's motion to dismiss [113] is denied. The City must answer Count III on or before August 10, 2020.

E N T E R :

Dated: July 20, 2020

_____
MARY M. ROWLAND
United States District Judge