IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IMMANUEL BAPTIST CHURCH, an Illinois not-for-profit corporation, | ) ) ) | CASE NO. 17-CV-00932 |
| Plaintiff, | ) ) | Honorable Judge Mary M. Rowland |
| v. | ) ) | |
| CITY OF CHICAGO, an Illinois Municipal corporation | ) ) ) ) | |
| Defendant. | ) | |

**PETITION FOR ATTORNEY FEES, EXPENSES, AND COSTS**

NOW COMES Plaintiff, Immanuel Baptist Church, by and through its attorneys at Mauck & Baker, LLC, and moves this Court to award Plaintiff its attorney's fees in the amount of $679,910.25. Plaintiff further petitions that this Court award Plaintiff expenses and costs in the amount of $5,851.35.

**I.    INTRODUCTION**

1.    The Parties filed a Joint Status Report on November 9, 2023, notifying the Court of its efforts to settle the matter of Plaintiff's attorney fees. Dkt. 266. Over the next several months, Immanuel Baptist furnished all the records the City requested, and the Parties attempted without success to find common ground. The Plaintiff's briefing thus follows.

**II.    PLAINTIFF IS ENTITLED TO ATTORNEY FEES UNDER 42 U.S.C. § 1988.**

2.    A plaintiff prevailing in a suit to enforce rights under 42 U.S.C.A. § 2000cc (West) is entitled to have its attorney fees paid by the losing defendant. 42 U.S.C.A. § 1988 (West). A prevailing party is one that "succeed[ed] on any significant issue in litigation which achieves some

1

of the benefit the parties sought in bringing suit." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (internal quotation marks, citation omitted).

3.  Here, the Court found for Immanuel Baptist on the Church's claim under 42 U.S.C.A. § 2000cc(a)(1). Dkt 264. Though most of the harm to the Church caused by the City's unfair and burdensome parking ordinance was hard to quantify, the Court nevertheless found that the City should compensate the Church for forcing it to lease a parking lot to comply with the City's shifting requirements. The Court thus entered judgment for $14,590 and the Plaintiff became entitled to its reasonable attorney's fees under 42 U.S.C.A. § 1988. Dkt 265.

### III. $679,910.25 IS A REASONABLE FEE AWARD IN THIS CASE.

4.  District Courts wield great discretion in awarding attorney fees, bounded by rhyme and reason. Case law is said to help:

    > If an attorney's billing records permit the calculation of the hours devoted to the claims on which the plaintiff prevailed, then all a judge need do is determine the market rate for an hour of the lawyer's time and whether the fee generated by multiplying the hours by the rate is reasonable in relation to the value of the case (which can include precedential value as well as the plaintiff's monetary recovery). *Richardson v. City of Chicago, Ill.*, 740 F.3d 1099, 1103 (7th Cir. 2014) (internal citations omitted).

5.  The lodestar method (reasonable hourly rate × hours reasonably expended), anchors courts' discussion of a reasonable attorney's fee for a given case. *See Vega v. Chicago Park Dist.*, No. 13 C 451, 2020 WL 4053821, at *4 (N.D. Ill. July 20, 2020), *aff'd*, 12 F.4th 696 (7th Cir. 2021) ("There is a strong presumption that the lodestar calculation yields a reasonable attorneys' fee award" (internal quotation marks omitted)).

6.  To aid the Court in the lodestar calculation, Immanuel Baptist begins with why the requested attorney rates are reasonable, followed by explanation why the hours Plaintiff's counsel expended in representing this small inner-city church were reasonable in both the immediate

context of the litigation and the wider context of Chicago's legal/political landscape. Immanuel Baptist then discusses the national value of this Court's ruling.

7. Immanuel Baptist Church and Mauck & Baker, LLC, seek the award of attorney and paralegal fees plus expenses and costs as follows, which is in the form of the Local Rule:

| Time Keeper | Hours | Rate ($) | Billable ($) |
|---|---|---|---|
| Rene Aguilan | 22.4 | $200.00 | $4,480.00 |
| Richard Baker | 57.2 | $750.00 | $42,900.00 |
| Dylan Burke | 0.9 | $200.00 | $180.00 |
| Kirstin M Erickson | 1.5 | $350.00 | $525.00 |
| Mikaela N Hills | 63.7 | $200.00 | $12,740.00 |
| Judith Kott | 0.6 | $450.00 | $270.00 |
| Sorin A. Leahu | 401.9 | $500.00 | $200,950.00 |
| Terry Lu | 17.2 | $350.00 | $6,020.00 |
| John Mauck | 325.4 | $900.00 | $292,860.00 |
| Jonathan M Rosenthal | 352.2 | $200.00 | $70,440.00 |
| Robin Rubrecht | 70.1 | $350.00 | $24,535.00 |
| Noel W. Sterett | 4.9 | $600.00 | $2,940.00 |
| Communications Manager | 5.1 | $200.00 | $1,020.00 |
| Intern | 31 | $200.00 | $6,200.00 |
| Andrew S Willis | 107.3 | $350.00 | $37,555.00 |
| Jennifer Baek | 57.2 | $200.00 | $11,440.00 |
| Susan Thomas | 3.2 | $200.00 | $640.00 |
| **Total** | | | **$715,695.00** |

8. As a matter of courtesy to the City and the Court, Plaintiff's counsel has elected to reduce their requested attorney/paralegal fees by 5%, or $35,784.75, to account for any accidentally overstated billing or redundancy. This reduction to $679,910.25 is reflected in the total fees requested in first and last paragraphs of this petition. In total, therefore, Immanuel Baptist is asking that the Court award $685,761.60.

### IV. ATTORNEY RATES

9. District courts can deduce an attorney's reasonable hourly rate from what the attorney "bills

for similar work. The district court may also rely on . . . evidence of rates set for the attorney in similar cases. *Vega v. Chicago Park Dist.*, 12 F.4th 696, 705 (7th Cir. 2021) (internal quotation marks, citations omitted).

10. The Seventh Circuit approves using attorneys' "current market rates in multi-year litigation" to "compensate[ ] for the delay in payment and simplif[y] the district court's calculation." *Id.* at 706 (quoting *Lightfoot v. Walker*, 826 F.2d 516, 523 (7th Cir. 1987)). "[O]nce the attorney provides evidence of the market rate, the burden shifts to the opposing party to show why a lower rate should be awarded." *Stark v. PPM Am. Inc.*, 354 F.3d 666, 675 (7th Cir. 2004).

  a) **John Mauck - $900**

11. Attorney John Mauck is requesting an hourly rate of $900. Market factors prove that this is merely a reasonable rate.

12. Mr. Mauck has been a practicing attorney for fifty-two years. In that time, he has appeared before the Second, Seventh, Ninth, Tenth, and Eleventh Circuits, and he has appeared before seventeen federal district courts across the nation. He is also among the foremost authorities on religious land use litigation in the United States, having personally originated parts of the Religious Land Use and Institutionalized Persons Act of 2000 (42 U.S.C.A. § 2000cc (West)). More detail can be found in **Exhibit 1**.

13. In February, 2017, Judge Joan H. Lefkow found $600 to be a reasonable hourly rate for Mr. Mauck. *World Outreach Conf. Ctr. v. City of Chicago*, 234 F. Supp. 3d 904, 912 (N.D. Ill. 2017), *aff'd,* 896 F.3d 779 (7th Cir. 2018). That was over seven years ago. Within that timeframe, the Producer Price Index[1] – Office of Lawyers (PPI-OL) grew from 210.80 in February 2017 to

---

[1] This Court may take judicial notice of data from the PPI-OL because it is a public record, analogous to the Consumer Price Index (CPI). *See Pickett v. Sheridan Health Care Ctr.*, 664

287.45 in February 2024.[2] This amounts to a 36.36% increase in the price/cost of attorney services nationwide.[3]

14. Thus, even before taking into account any other factors, Mr. Mauck's rate is justifiably increased by 36.360% based on the PPI-OL relative to 2017. It should therefore be $818.16, the result of $600 + ($600 × 0.36360).

15. Investigation of the facts and preparation for filing the Complaint began as early as December 13, 2016. This matters because two further factors affect Mr. Mauck's reasonable market rate: 1) his increased expertise since the World Outreach decision in 2016 and 2) the personal financial exposure Mr. Mauck took on to pursue justice for Immanuel Baptist—not merely for his own work but for legal fees to assistant counsel, for compensation of the associates, paralegals, and experts Mr. Mauck needed to advocate for Immanuel Baptist in this complicated and drawn out litigation.

16. Thus, Mr. Mauck is fairly rewarded by raising his base rate of $818.16 (*ceteris paribus* a $600/hr attorney rate in 2016) by just under $100 for Mr. Mauck's additional seven years' experience, for his personal financial exposure, and for the complexity of the work he had to perform in this matter. $900 per hour is thus a reasonable rate for Mr. Mauck.

---

F.3d 632, 648 (7th Cir. 2011) ("We now hold that the CPI belongs to the category of public records of which a court may take judicial notice"). Both the PPI and the CPI are published by the U.S. Bureau of Labor Statistics. *See* https://www.bls.gov/ppi/overview.htm (PPIs "measure[ ] the average change over time in selling prices" of services "from the perspective of the seller").

[2] Data may be accessed at http://www.bls.gov/ppi: there, select the "PPI Databases" drop-down menu > select "Industry Data (Producer Price Index - PPI)" > "multi-screen" > for "industry code" enter 541110 (Offices of Lawyers) and 541110541110 for "product code"(Offices of Lawyers).

[3] Percent change is calculated by dividing the difference between the later value $V_2$ and the earlier value $V_1$ by the |absolute| of the earlier value $V_1$. Thus, $((V_2-V_1) \div |V_1|) \times 100\%$ = percent change, ➔ ((287.446 – 210.800) ÷ 287.446) × 100% = 36.360%; *see* https://www.bls.gov/cpi/factsheets/calculating-percent-changes.htm

b) **Richard Baker - $750**

17. Attorney Baker has practiced law for 44 years, mostly in property transactions, but he has also helped Mr. Mauck litigate RLUIPA matters. **Exhibit 2**. In World Outreach, Judge Lefkow found a rate of $500 to be reasonable for Mr. Baker in 2016, *World Outreach Conf. Ctr.*, 234 F. Supp. 3d at 912, which adjusts to $682.80 by reference to the PPI-OL. Adjusting upward by $70 takes into account his increased experience since 2016.

c) **Sorin Leahu - $500**

18. As recently as December 14, 2023, the Circuit Court of Cook County found a $500.00 hourly rate proper for Attorney Leahu in a case involving fee-shifting under the Illinois Citizen Participation Act. *See Abolition Coalition and Jasmine Sebaggala v. Niles Township Accountability Coalition et al.*, 2021 L 9047 (attached as **Exhibit 3**). This should suffice as prima face evidence of a reasonable rate for Mr. Leahu. *Vega*, 12 F.4th at 705 (District courts can rely on "evidence of rates set for the attorney in similar cases" to determine appropriate hourly rate). His résumé is attached as **Exhibit 4**, his hours billed prior to his departure from Mauck & Baker are in **Exhibit 5** and his hours billed through his own firm are **Exhibit 6**.

d) **Associates: Terry Lu, Robin Rubrecht, Andrew Wills - $350**

19. Associate work can be examined in **Exhibit 5**, which shows in agonizing detail where counsel's time went since December 2016. These records were supplied to the City in January but have been updated with recent billing and work that was voluntarily eliminated by Plaintiff as non-billable, administrative, or secretarial.

e) **Paralegals: Jonathan Rosenthal, Mikaela Hills, Jennifer Baek, Rene Aguilan, Susan Thomas - $200**

20. Plaintiff's counsel made extensive use of paralegal support to keep costs down. See **Exhibit 5** for details. Additionally, it is firm policy that paralegals not bill for secretarial tasks, which can

6

be seen in **Exhibit 5** by reference to the "non-billable" column.

V.     HOURS EXPENDED WERE REASONABLY RELATED TO THE RELIEF OBTAINED FOR IMMANUEL BAPTIST.

    **a) Immanuel Baptist pursued a single claim from start to finish.**

21.     Under *Hensley*, "[l]itigants in good faith may raise alternative legal grounds for a desired outcome" and still be fully entitled to attorney fees even if some theories do not pan out. 461 U.S. at 435. The Seventh Circuit interpreted *Hensley* to mean that "[i]f the winning and losing claims are just different legal theories in support of the same relief, again full compensation is proper." *Richardson*, 740 F.3d at 1103 (internal citations omitted). These rulings well describe the present case: each of Immanuel Baptist's counts in each of its complaints and each remedy sought all arose out of the same circumstance: unjust parking regulation imposed by the City. Thus, Immanuel Baptist had one claim and succeeded on one claim: it sought and received relief for harms to itself from the City's unfair parking ordinance. Furthermore, all of the burdens which were not directly compensated by the court—e.g. lost income, lost property acquisition, a rat falling from unrepaired ceiling curing a service—all supported the key legal finding: Substantial Burdening of free exercise. Full compensation is therefore proper here.

22.     The uniformity of the Church's claims is illustrated by the Complaint and its subsequent amendments. *Compare* Dkt. 1, p. 16 (seeking equitable relief and money damages for City's use of parking ordinance to prevent Church's property purchase), *with* Dkt. 41, p. 22 (seeking same relief under as-applied legal theory), *with* Dkt. 83, p. 26 (adding RLUIPA Substantial Burdens theory but seeking same relief), *and with* Dkt. 107, pp. 27-28 (same theories as Second Amended Complaint but seeking damages only).

23.     Thus, even though the Church proposed several theories—equal protection, RLUIPA equal terms, RLUIPA substantial burden—as the cased evolved, the counts in Immanuel Baptist's

7

Complaints were all "in support of the same relief," wherefore "full compensation is proper." *Richardson*, 740 F.3d at 1103.

b) **Hours billed were proportional to the needs of the case for each phase of litigation.**

24. **Exhibit 7** provides an overview of this case's lifespan, summarized roughly to show the correlation between substantive filings/proceedings and the amount of billed hours relative to the experience level of the timekeeper.

25. The breakdown in **Exhibit 7** also illustrates the legal effort needed to help the client prevail that it was necessary to securing judgment in Immanuel Baptist's favor and overcome Chicago's strategy of obstinate and irrational resistance.

c) **Work expended on seeking injunctive relief is fully compensable.**

26. *Hensley* taught that it is not

> necessarily significant that a prevailing plaintiff did not receive all the relief requested. For example, a plaintiff who failed to recover damages but obtained injunctive relief, or vice versa, may recover a fee award based on all hours reasonably expended if the relief obtained justified that expenditure of attorney time. *Hensley,* 461 U.S. at 435 n. 11.

27. Here, the Church undeniably had to seek injunctive relief until Chicago changed its ordinance for small membership groups; in light of the Court's ultimate judgment based on the same conduct by the City as the Church's original claim for injunctive relief, the "relief obtained justified [the] expenditure of attorney time" because much if not all of the same work led to the final judgment. *Id*. Although the City effectively admitted its prior ordinance was effectively illegal due to its overbreadth, it also suggested that the lawsuit had no effect(!) on its decision. Such a suggestion is preposterous because many planners, committee meetings, and aldermen were necessarily involved and of course they would have been aware of this litigation because it was precisely on the point of the ordinance enacted.

    **d) The City's conduct in litigation increased the number of hours Immanuel Baptist's counsel necessarily expended.**

28. City counsel Andrew Mine's unannounced retirement—six weeks after the trial date was set, and after Immanuel Baptist had begun preparations for trial—delayed trial from September 2022 to January 2023. Dkt. 211. Immanuel Baptist's counsel detailed the unfair costs the City thus imposed on Plaintiff in its August 10, 2022 petition. Dkt. 212.

29. Furthermore, the City's attorneys do not track their hours, thus depriving Immanuel Baptist of a highly relevant comparator to prove the reasonableness of its hours. The relevance of such comparison is illustrated by the fact that the City had four attorneys throughout trial; Immanuel Baptist had only Mr. Mauck and Leahu.

**VI. BENEFIT TO THE PUBLIC INTEREST JUSTIFIES AWARDING THE FULL LODESTAR.**

    **a) Fee-shifting disincentivizes further wrongdoing by the Defendant.**

30. The community comprising Immanuel Baptist suffered years of anguish and uncertainty because the City trod on the Church's rights. The limited amount of provable damages should not permit the City to shrug at its wrongdoing:

> [F]ee-shifting helps to discourage petty tyranny. Because Congress wants even small violations of certain laws to be checked through private litigation and because litigation is expensive, it is no surprise that the cost to pursue a contested claim will often exceed the amount in controversy. That is the whole point of fee-shifting—it allows plaintiffs to bring those types of cases because it makes no difference to an attorney whether she receives $20,000 for pursuing a $10,000 claim or $20,000 for pursuing a $100,000 claim. **Fee-shifting would not discourage petty tyranny if attorney's fees were capped or measured by the amount in controversy.** *Anderson v. AB Painting & Sandblasting Inc.*, 578 F.3d 542, 545 (7th Cir. 2009) (emphasis supplied, internal quotation marks and citations omitted)

31. The fact that this Court denied several of the Church's damages claims at trial makes little difference here. District Courts recognize that plaintiffs must case a wide net where damages are hard to prove. For instance, in *Stumm v. Town of Pittsboro*, the court found that a civil rights

plaintiff achieved more than "limited success" where his claims against only two of four defendants had succeeded. No. 1:17-CV-4296-JMS-MJD, 2019 WL 4451433, at *6 (S.D. Ind. Sept. 17, 2019). The plaintiff's recovery was between 21 and 30% of what he had sought at trial, *Id.* at *3, but his recovered damages—$15,000—were nonetheless deemed "substantial given the absence of specific compensatory damages."[4] *Id at *6*. The Court reduced the lead attorney's hours by 25% for the lost claims and altogether refused the defendants' suggestion to reduce the award for the plaintiff's limited success. *Id*.

32.  In Immanuel Baptist's case, like in *Stumm*, specific compensatory damages could not readily be shown despite the City's violations' heavy toll on the congregation. The litigation, however, did achieve what Immanuel Baptist hired its counsel for: the Church was able to purchase its building at 1443 W. Roosevelt Road in Chicago, and the Church is now thriving.

### b) The Precedential Value of the Case Justifies Awarding the Full Lodestar

33.  The value of the precedent is a legitimate factor in considering the time appropriately invested in the litigation, and therefore the appropriate compensation. *Richardson, Ill.*, 740 F.3d at 1103 ("[T]he value of the case . . . can include precedential value").

34.  The helpful opinions generated in this case will inform future RLUIPA litigation, which is all the more valuable because RLUIPA litigation is a risky prospect for plaintiffs' attorneys. *See River of Life Kingdom Ministries v. Vill. of Hazel Crest, Ill.*, 611 F.3d 367, 374 (7th Cir. 2010) (noting inherent subjectivity of RLUIPA tests); *World Outreach Conf. Ctr. v. City of Chicago*, 896 F.3d 779 (7th Cir. 2018) (case litigated for thirteen years including three appeals before fee award was granted); *Edgewood High Sch. of the Sacred Heart, Inc. v. City of Madison, Wisconsin*, 95

---

[4] His injury was that his governmental employer had illegally recorded his conversations. *1:17-CV-4296-JMS-MJD, 2019 WL 4451433,* at *1

F.4th 1080 (7th Cir. 2024) (plaintiff defeated after three year litigation including discovery and appeal). The fact that RLUIPA lawsuits inherently pit entities at risk of discrimination against powerful and well-funded governmental behemoths further bolsters the need for robust fee-shifting. The prevention of such discrimination was, after all, a reason for RLUIPA's enactment.

35. The City itself acknowledged that "[v]ery few RLUIPA cases have addressed parking regulations under the Act, and Counsel for Defendant could not find such a decision in this Circuit." Dkt 195-1 at 8.

36. This case helped to create precedent showing that a city can be found liable for imposing a Substantial Burden with parking regulations, and the eight opinions that Judge Tharp and Judge Rowland took the time to craft will help future litigants better allocate resources—their own and the courts'—in resolving disputes of this nature. *See Bohen v. City of E. Chicago*, 666 F. Supp. 154, 156–57 (N.D. Ind. 1987) (suggesting that governments "take precedential values into account when deciding how vigorously to resist a claim" and that future plaintiff attorneys "may do the same in response").

    c) **The outcome of this case will benefit more religious congregations than just Immanuel Baptist.**

37. The "vindication of an important public interest" is a valid reason for devoting time even where the expected monetary recovery may be slim. *Montanez v. Simon*, 755 F.3d 547, 557 (7th Cir. 2014) (citing *City of Riverside v. Rivera,* 477 U.S. 561, 574, 579, 106 S.Ct. 2686, 91 L.Ed.2d 466 (1986)). The United States has many thousands of small churches mostly in urban areas where minorities are located or immigrants arrive. These thousand congregations help millions of newcomers learn about America, learn English, find jobs, and become part of a community. Most of these churches have parking issues. The Court's ruling in Immanuel Baptist will help these people in need.

## VII. EXPENSES AND COSTS

The prevailing party is presumptively entitled to costs. *Beamon v. Marshall & Ilsley Trust Co.*, 411 F.3d 854, 864 (7th Cir. 2005). Immanuel Baptist requests $5,851.35 in costs as detailed in **Exhibit 8**.

WHEREFORE, Plaintiff respectfully requests the Court $685,761.60, and for any further relief deemed fair and just.

Dated: April 11, 2024                                                   Respectfully submitted,

                                                      **Immanuel Baptist Church**

                                                    /s/ Robin Rubrecht

John W. Mauck                                        One of its Attorneys
Robin Rubrecht
**Mauck & Baker, LLC**
1 North LaSalle St., Suite 3150
Chicago, Illinois 60602
jmauck@mauckbaker.com
rrubrecht@mauckbaker.com
(312) 726-1243